IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTWANELLA HALL,
    Plaintiff,

                v.

UNITED STATES OF AMERICA,
    Defendant.

Civil Action No.
1:22-cv-05062-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant United States of America's motion for summary judgment [ECF 18] and Plaintiff Antwanella Hall's motion for oral argument [ECF 30]. After careful review of the record, the Court **DENIES** the United States' motion for summary judgment and **DENIES as moot** Plaintiff's motion for oral argument.

## I.    BACKGROUND

Plaintiff Antwanella Hall filed this suit bringing negligence, negligence *per se*, and property damage claims against the United States under the Federal Tort Claims Act (FTCA) for a car accident that occurred with a United States Postal Service (USPS) vehicle on December 24, 2020.[1] The accident took place near the intersection of 6768 Browns Mills Road (which runs east-west) and Klondike Road (which runs north-south) in Lithonia, Georgia.[2] A gas station is located at the

---

[1]    ECF 1.

[2]    ECF 25, ¶ 2.

intersection. At the time of impact, Hall was in her car at the stop sign waiting to exit the gas station and turn east onto Browns Mill Road.[3] USPS Assistant Rural Carrier Kyle Mack was traveling west on Browns Mill Road—towards both the intersection and Hall's car—in the right-turn lane adjacent to the gas station.[4]



Before making the turn at the intersection, and while Hall was at the stop sign, the cars collided.[5] Hall's vehicle obtained bumper damage on the driver's side and Mack's vehicle was damaged on the right rear tire.[6]

---

[3]   *Id.* ¶ 3.

[4]   *Id.* ¶¶ 1–2, 4.

[5]   *See generally, id.*

[6]   *Id.* ¶¶ 22–23; ECF 18–4, ¶ 6.

Based on the collision, Hall filed suit and brought five causes of action: negligence, two counts of negligence *per se*,[7] *respondeat superior*, and property damage.[8] All claims are based on Mack's alleged negligence and violation of Georgia driving codes.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary judgment

---

[7]   These counts are duplicative. One brings a cause of action against Mack specifically, and the second brings the same claim against a "United States of America employee." ECF 1, ¶ 24. Hall never alleges that any employee other than Mack was involved in the accident.

[8]   ECF 1.

must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255. *See also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the court in evaluating summary judgment. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.   DISCUSSION

The Government argues that summary judgment should be granted because there is no evidence that Mack violated any duty owed to Hall or violated any statute. It is the Government's position that, according to Hall's own deposition testimony, Mack never deviated from his lane of travel and thus, cannot be liable for the collision.[9] According to the Government, Hall's depiction on a map of

---

[9]   *Id.* at 10.

Mack's location (which she demonstrated during her deposition) is consistent with Mack's testimony of not departing from his lane. And when asked how the accident could have occurred given the distance between the two vehicles, Hall stated, "I don't have an answer for that . . . maybe the car veered off."[10] The Government contends that Hall's uncertainty about how the impact took place is purely speculative testimony.[11]

Hall, in response, argues that the Government is interpreting her testimony narrowly and selectively. According to Hall, when she was asked to mark the vehicles' locations on a photograph during her deposition, it was not clear whether she was being asked to mark the location of the vehicles at the moment of impact or at some point before the impact.[12] Furthermore, although she is uncertain about how the collision technically occurred, she is certain she saw Mack entering her lane, and that her car was impacted as a result.[13] Therefore, how the collision took place remains a question of fact for the jury.[14]

---

[10]   ECF 19–1, at 31.

[11]   ECF 24, at 15.

[12]   ECF 25, ¶ 5.

[13]   *Id.* at ¶¶ 8–10.

[14]   ECF 24, at 16.

After review of Hall's entire deposition, the Court finds that there is a dispute of material fact with respect to how the cars collided, and summary judgment is thus inappropriate.

## A. There is a genuine dispute of fact as to whether Mack was negligent.

The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. When analyzing a FTCA claim, courts apply the law of the state in which the alleged tort was committed. There is no dispute that the events giving rise to this case occurred in the State of Georgia. Under Georgia negligence laws, a plaintiff must demonstrate "(1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach." *Ireland v. Williams*, 351 Ga. App. 124, 127 (2019) (quoting *Hunsucker v. Belford*, 304 Ga. App. 200, 201 (2010)). Drivers must exercise ordinary due care when driving. *Rios v. Norsworthy*, 266 Ga. App. 469, 470 (2004) (citations omitted).

Fact-dependent cases like this one are generally not appropriately disposed of on summary judgment. For example, in *Wang v. Dukes*, a wrongful death action

arising from a car collision, the police investigation concluded the collision took place in the middle of the median of the intersection, and that the defendant must have left his lane for the impact to occur there. 368 Ga. App. 661, 663 (2023). The defendant disagreed with the investigation results—according to him, the collision occurred directly in his lane of travel, meaning he was not negligent. *Id.* at 663. The district court credited the defendant's testimony and granted his summary judgment motion. The plaintiff appealed. *Id.* at 661. The Court of Appeals reversed, finding that there was a dispute with respect to where the accident occurred, and where the accident occurred bore on the defendant's liability. *Id.* at 664. According to the court, "the record plainly shows the existence of questions of fact," such as whether the defendant had left his lane before impact and whether he was negligent in doing so. *Id.*

Here, similar questions of fact remain. Although the Government frames Hall's response to a vaguely worded question as conclusory evidence that Hall and Mack's testimonies align,[15] the Court disagrees; the parties presented conflicting testimonies about Mack's location when the accident took place.[16] In her testimony, Hall specifically asserted the following when asked about Mack's trajectory:

---

[15]   ECF 18–1, at 10; ECF 27–1, at 10.

[16]   ECF 24–2, ¶ 5; ECF 25 ¶ 10.

Q: Yeah. Okay. And so he [Mack] was going straight?

A: He was getting in this turning lane.

Q: Getting in the turning lane?

A: Yes, ma'am.

Q: Okay. And help me understand how this occurred. Where did he hit – where did you guys end up?

A: He hit right here on my driver's side.

Q: Okay. So -

A: The driver's side bumper.[17]

Hall consistently maintained throughout her deposition that she saw Mack entering her lane, and that Mack's car made impact with her car.[18] The Government asks this Court to take one of Hall's ambiguous statements in isolation while ignoring the rest of her testimony. What's more, the police report from the accident notes that "Mr. Mack struck Ms. Hall's vehicle."[19] This also rebuts the Government's assertion that Mack was not negligent.

---

[17] ECF 19–1, Tr. at 27:20-28:4.

[18] *Id.* at 35:12-21; 40:3-5; 63:21-64:2; 66:24-67:21; 68:15-69:3.

[19] ECF 1, at 15. The Government argues that the police report cannot be relied on because it constitutes inadmissible hearsay. Assuming without deciding that the police report constitutes hearsay, the Court finds that it may consider the report nonetheless because "it could easily be 'reduced to admissible evidence at trial or reduced to an admissible form,' say, by 'hav[ing] the hearsay declarant testify directly to the matter at trial.'" *Meunier Carlin & Curfman, LLC v. Scidera, Inc.*, 324 F. Supp. 3d 1269, 1278 (N.D. Ga. 2018) (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012)).

The Government argues that the damage to the vehicles could have occurred where it did only if Hall was the one who collided with Mack.[20] But that is simply not true. A jury could find that the same damage occurred if the rear of Mack's vehicle, rather than the front, swerved into Hall's lane. Because a reasonable jury could find that Mack breached the duty of care while driving by failing to exercise ordinary due care, summary judgment is inappropriate.

### B.   There is a genuine dispute of fact as to whether Mack was negligent *per se*.

A claim for negligence *per se* arises where a defendant has violated a statute or regulation designed to protect a specific class of people from a particular type of harm. The violation is automatic evidence of negligence. *See Schaff v. Snapping Shoals Elec. Membership Corp.*, 330 Ga. App. 161, 164 (2014). "The violation of certain mandatory regulations may also amount to negligence *per se* if the regulations impose a legal duty." *Id.* Where a violation of a statute, ordinance, or certain mandatory regulation occurs, the first two elements of a negligence claim are satisfied as a matter of law, and the plaintiff must then "demonstrate that the defendant's statutory breach was the proximate cause of the plaintiff's injury." *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (citing *Hubbard v. Dep't of Transp.*, 256 Ga. App. 342 (2002)).

---

[20]   ECF 18–1, at 11.

Hall alleges Mack violated various Georgia motor vehicle codes—Basic Rules (O.C.G.A. § 40-6-180), failure to yield (O.C.G.A. § 40-6-73), and failure to exercise due case (O.C.G.A. § 40-6-21). Whether Mack violated these statutes turns on the same questions of fact discussed above. If Mack did swerve out of his lane and strike Hall's vehicle, or otherwise violate the Georgia driving codes, Hall may be entitled to relief on her negligence *per se* claim. Summary judgment is thus inappropriate.

Because the property damage and *respondeat superior* counts also turn on Mack's purported negligence, summary judgment is also inappropriate on those counts.

## IV.   CONCLUSION

The United States' motion for summary judgment [ECF 18] is **DENIED.** Plaintiff's motion for oral argument [ECF 30] is **DENIED as moot**. The parties are **ORDERED** to file a joint Proposed Pretrial Order on or before **October 30, 2024**. In conjunction with the Proposed Pretrial Order, each party is **ADVISED** to file an updated leave of absence on the docket, identifying conflict dates through June 2025. Trial may be scheduled thereafter without further notice.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge